Per Curiam.

This court has examined the bill of exceptions and agrees with the Court of Appeals, except as to the prejudicial character of the special instruction quoted above.
The jury, as the trier of the facts, was confronted with con *252 flicting evidence and had the right to act on those facts established by the evidence it considered the more credible.
Taken by itself, the special instruction in dispute is not as complete as it ought to have been and is probably worded too strongly against the plaintiffs. It might well have included additional language embracing the element of latent defects and contained a statement according plaintiffs the benefit of comparison with ordinarily prudent persons of their station and experience confronted by the same or similar circumstances. But, the undisputed evidence shows that plaintiffs inspected the entire premises on different occasions and knew that the driveway and parking area rested on filled-in ground supported in some manner at the extreme north side; and that they also observed the slag-filled holes in this area. The jury’s answer to interrogatory No. 4 suggests that it thought Traverse, an attorney at law, had been sufficiently put on notice to make a more thorough investigation, either by himself or with the assistance of an expert, which would have disclosed the defects in that part of the premises complained of, and that he had ample time and opportunity to do so before buying the property.
Too, the jury evidently reached the conclusion that there were no deliberately false and fraudulent representations of known material facts to the Traverses, that the Traverses had the full and unimpeded opportunity to examine the premises, and that they were not as diligent as they should have been in conserving their own interests.
The principle of caveat emptor applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud. See 55 American Jurisprudence, 553, Section 79, and 91 Corpus Juris Secundum, 908, Vendor and Purchaser, Section 51.
•Upon the basis of what has been said, a majority of this court is of the opinion that it was not reversible error for the trial court to have given to the jury the special instruction re *253 ferred to, in the light of all the facts and circumstances of the case. Therefore, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Matthias, Hart, Zimmerman, Stewart and Bell, JJ., concur.